IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01201-PAB

CHRISANN CHEEK and
JOSEPH CHEEK,

      Plaintiffs,

v.

WOLFGANG PUCK WORLDWIDE, INC., d/b/a Spago Restaurant, and
RITZ CARLTON HOTEL COMPANY, LLC,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

      The Court takes up this matter *sua sponte* on the notice of removal [Docket No. 1] filed by defendant "Ritz-Carlton Hotel Company, L.L.C." ("Ritz-Carlton"). Ritz-Carlton states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

      In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Ritz-Carlton invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.  Docket No. 1 at 2, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."  The facts as presently averred, however, do not provide sufficient information regarding defendant Ritz-Carlton's citizenship or the citizenship of plaintiffs.

The notice of removal identifies Ritz-Carlton as a Delaware corporation with its principal place of business in Maryland.  Docket No. 1 at 2, ¶ 4; *see also* Docket No. 13 at 2, ¶ 4 (alleging the same in its answer).  Notwithstanding Ritz-Carlton's claim that it is a corporation, the allegation is almost certainly incorrect.  *Compare* Del. Code tit. 6,

§ 18-102 ("The name of each limited liability company as set forth in its certificate of formation: (1) Shall contain the words 'Limited Liability Company' or the abbreviation 'L.L.C.' or the designation 'LLC'"); *with* Del. Code tit. 8, § 102(a)(1) ("The name of the corporation, which (i) shall contain 1 of the words 'association,' 'company,' 'corporation,' 'club,' 'foundation,' 'fund,' 'incorporated,' 'institute,' 'society,' 'union,' 'syndicate,' or 'limited,' (or abbreviations thereof, with or without punctuation)").  The Court will assume that Ritz-Carlton is a limited liability company ("LLC"), not a corporation.

While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an LLC.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.  *See*

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

*U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL

2055206, at *2 (D. Colo. July 10, 2009); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-

MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g,*

*L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v.*

*Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf.*

*Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity

purposes, the citizenship of an artificial entity, the court may consult the citizenship of

less than all of the entity's members.").

Ritz-Carlton has not identified its members or the citizenship of those members.

*Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010)

(concluding that an allegation that "upon information and belief, the members of [an

LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or

trace the citizenship of each individual member" of the LLC (internal quotation marks

omitted)).[2]  The Court is therefore unable to determine the citizenship of Ritz-Carlton

and whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand*

*Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking

the exercise of jurisdiction in his favor must allege in his pleading the facts essential to

show jurisdiction.") (citations and internal quotation marks omitted).

Additionally, Ritz-Carlton does not show the citizenship of plaintiffs.  The notice

---

[2] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court."  *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).

4

of removal states that, "upon information and belief," plaintiffs are citizens of Florida based on their address listed on the last page of the second amended complaint. Docket No. 1 at 2, ¶ 4; *see also* Docket No. 1-3 at 5. However, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Moreover, the Court reads Ritz-Carlton's averment of the citizenship of plaintiffs, made "upon information and belief," to mean that Ritz-Carlton does not have affirmative knowledge of plaintiffs' citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *Pinkard Constr. Co.*, 2009 WL 2338116, at *3 (allegations made on information and belief "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on June 6, 2017**, defendant Ritz Carlton Hotel Company, LLC shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED May 25, 2017.

BY THE COURT:

 s/Philip A. Brimmer                  
PHILIP A. BRIMMER
United States District Judge