IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01201-PAB

CHRISANN CHEEK and
JOSEPH CHEEK,

     Plaintiffs,

v.

WOLFGANG PUCK WORLDWIDE, INC., d/b/a Spago Restaurant, and
RITZ CARLTON HOTEL COMPANY, LLC,

     Defendants.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court on Ritz Carlton Hotel Company, L.L.C.'s Response to Order to Show Cause [Docket No. 15] filed by defendant "Ritz-Carlton Hotel Company, L.L.C." ("Ritz-Carlton"). Ritz-Carlton states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3. The Court is satisfied that Ritz-Carlton has shown defendants' citizenship.

Ritz-Carlton claims that plaintiffs are "domiciled in the state of Florida," Docket No. 15 at 4, ¶ 19, based on (1) plaintiffs having provided a Florida address on the second amended complaint, (2) plaintiff Chrisann Cheek having received all of her medical treatment in Florida after the incident at issue, *id.* at 4-5, ¶ 20, and (3) "Plaintiffs' counsel [having] represented to Defense counsel that Plaintiffs are citizens of the State of Florida." *Id.* (citing Docket No. 15-10 at 1).

As clearly stated in the Order to Show Cause, domicile, not residency, is

determinative of citizenship. Docket No. 14 at 5. The Court has already found that plaintiffs listing a Florida address on the second amended complaint is not sufficient, by itself, to demonstrate domicile. *Id*. Ritz-Carlton also asserts that Ms. Cheek received all of her post-accident medical care in Florida. That fact may help support a finding of domicile, but Ritz-Carlton fails to explain over what period of time she received such treatment, which gives it little weight. Finally, Ritz-Carlton claims that plaintiffs' counsel confirmed that plaintiffs are citizens of Florida. The emails attached to the response, however, do not support the claim. Counsel for Ritz-Carlton asked plaintiffs' counsel to confirm that "plaintiffs live, reside and are domiciled in Florida." Docket No. 15-10 at 2. Plaintiffs' counsel responded that "My clients are residents of Florida." *Id*. at 1. Far from supporting domicile, plaintiffs' counsel's response suggests his clients are mere residents, which contradicts the other evidence that Ritz-Carlton relies upon. Hence, Ritz-Carlton has not met its burden to show the citizenship of plaintiffs and establish complete diversity. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."). Nonetheless, the Court will provide Ritz-Carlton one further opportunity to establish the citizenship of all parties and show that the Court has subject matter jurisdiction over this action.

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on June 23, 2017**, defendant Ritz Carlton Hotel Company, LLC shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

2

DATED June 16, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge